CHRISTINE DIETRICK, petitioner and appellant,

v.

ARTHUR C. DIETRICK, defendant and respondent.

[Submitted December 10th, 1917. Decided March 4th, 1918.]

1. Permanent alimony is allowed as a means of enforcing the continuing duty of support which the husband owes to the wife, and of which he is not permitted to absolve himself by his own misconduct, although that misconduct results in a dissolution of the marriage, and the wife, with or after a decree of divorce in her favor, is entitled to such an allowance of alimony as the circumstances of the parties and the nature of the case renders fit, reasonable and just.

2. The wife of a dentist with an established practice is entitled with her decree of divorce to an allowance of permanent alimony, notwithstanding the fact that she has a reasonable expectancy of about $5 a week as net income from property owned by her.

3. No rigid standard can be set up whereby to measure in every case the amount of permanent alimony for the support of the wife, but it is usually about one-third of the husband's income. The amount is not fixed *solely* with regard, on the one hand, to the actual needs of the wife, nor, on the other, to the husband's actual means. There should be taken into account the physical condition and social position of the parties, the husband's property and income (including what he could derive from personal attention to business), and also the separate property and income of the wife. Considering all these, and any other factors bearing upon the question, the sum is to be fixed at what the wife would have a right to expect as support, if living with her husband.

4. Where a husband has no property or income other than a net income of about $45 a week from his practice as a dentist, and the wife has only a reasonable expectancy of about $5 a week as net income from property which her husband gave her during coverture, an allowance of $10 a week as permanent alimony is proper upon a decree of divorce in her favor.

On appeal from a decree of the court of chancery advised by Advisory Master Charles J. Roe.

*Mr. Alexander Simpson,* for the appellant.

*Mr. James A. Butler,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is the appeal of Christine Dietrick from a final decree in her favor in a divorce proceeding which, although granting her a divorce on the ground of the adultery of her husband, denied her permanent alimony.

We are of the opinion that the learned advisory master erred in not awarding alimony.

He declined to do so because the wife was possessed of a house and lot given her by her husband during coverture. But that fact did not justify such refusal in the circumstances of the present case.

An examination of our Divorce act (*Comp. Stat. p. 2035 § 25*) shows clearly that permanent alimony is allowed as a means of enforcing the continuing duty of support which the husband owes to the wife, and of which he is not permitted to absolve himself by his own misconduct, although that misconduct results in a dissolution of the marriage. It follows, of course, that the wife, with or after a decree of divorce in her favor, is entitled to such an allowance of alimony as the circumstances of the parties and the nature of the case renders fit, reasonable and just.

In the present case it appears clearly that the wife's reasonable expectancy of net income from her house and lot was about $5 a week, and that she had no other property or income. Her husband was a dentist, with an established practice and fairly prosperous, and it is manifest that justice requires an allowance to her.

No rigid standard can be set up whereby to measure in every case the amount of permanent alimony for the support of the wife, but it is usually about one-third of the husband's income. The amount is not fixed *solely* with regard, on the one hand, to the actual needs of the wife, nor, on the other, to the husband's actual means. There should be taken into account the physical condition and social position of the parties, the husband's property and income (including what he could derive from personal attention to business), and also the separate property and income of the wife. Considering all these, and any other factors bear-

36

ing upon the question, the sum is to be fixed at what the wife would have the right to expect as support, if living with her husband. *Richmond* v. *Richmond,* 2 *N. J. Eq. 90; Boyce* v. *Boyce, 27 N. J. Eq. 433.*

In the case at bar the evidence satisfies us that the husband's net income from his practice is about $45 a week, and that he has no other property or income. It also satisfies us that the wife has no property or income other than a reasonable expectancy of about $5 a week as net income from the property given to her by her husband during coverture. Taking into consideration these and all the other factors proper to consider under the rule stated, we conclude that an allowance of $10 a week should be made as and for the permanent alimony of the wife.

The decree below will be reversed, with costs, and the record remitted to the court below, to the end that a decree be entered in accordance with this opinion.

*·For affirmance*—None.

*For reversal*—GARRISON, SWAYZE, TRENCHARD, PARKER. BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.