GERTRUDE S. SHAW v. FRED M. SHAW.

Special Term at Brattleboro, February, 1926. .

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 5, 1926.

*Divorce—Decree of Portion of Husband's Property to Wife Upon Dissolution of Marriage—G. L. 3590—Discretion of Court—Harmless Error—Decree Supported by Evidence —Refusal to Reopen Case for Additional Evidence Respecting Alimony.*

1.  Under G. L. 3590, authorizing court upon dissolution of marriage to decree to wife such part of husband's property, or such sum of money in lieu thereof, as it deems just, having regard for circumstances of respective parties, it is court's duty to give consideration to all facts affecting situation of either party.

2.  In fixing amount of award to wife under authority of G. L. 3590 upon dissolution of marriage, trial court is vested with wide discretion, and its decision thereon is not ordinarily subject to review, but if court declines to consider material fact, well proved, or makes what is manifestly an unjust award, Supreme Court will correct error.              ^.

3.  Court's refusal to find facts concerning income of each party and amount of joint income of parties, when decreeing alimony to wife upon dissolution of marriage, *held* to amount to ruling that such facts were not material, which was erroneous, but in view of amounts of income actually shown by evidence error was harmless, since had facts requested been found they would not have materially affected the situation presented by the findings or decree predicted thereon.

4.  Case should not be reversed for lack of material finding of which there was no evidence presented, or one too trivial or unimportant to affect result, since in such cases error, if any, is wholly harmless.

5.  Decree on dissolution of marriage, dividing equally between husband and wife equity in real estate acquired by their joint efforts and standing in their joint names, and providing $6.00 per week for support of four year old child and $75.00 suit

money, *held* not to show abuse of trial court's discretion, on facts shown by evidence.

6. Court's refusal to permit defendant to reopen case and introduce further evidence on subject of alimony, *held* without error, where no reason was given why additional evidence was not presented at trial, nor its amount or character shown by record.

PETITION for divorce on ground of intolerable severity. Trial by court at the April Term, 1925, Windham County, *Chase, J.,* presiding. Decree of absolute divorce to libelant and respecting division of joint property and payment of alimony. Libelee's requests for certain additional findings of fact, and that case be reopened for further evidence thereon refused. The libelee excepted. The opinion state the case. *Affirmed.*

*Barber, Barber & Miller* for the libelee.

*Carpenter & Clawson* for libelant.

POWERS, J. The petitioner was granted an absolute divorce from the defendant at the April Term, 1925, of Windham county court. The custody of a minor child was granted to her, and alimony to a substantial amount was awarded her. Before entering the decree, the court submitted to counsel a tentative draft of its findings of fact. The defendant thereupon filed nine requests for further findings, all of which were complied with except those requiring a statement of: (1) The amount of the petitionee's income at the time of the separation; (2) the amount of petitioner's income at that time; and (3) the amount of income from the joint property of the parties at that time. To the refusal of the court to comply with these requests, the defendant excepted. He also excepted to the refusal of the court to hear further evidence upon the subject-matter of these requests, and to the decree as rendered.

[1] Upon the dissolution of a marriage, the court may decree to the wife such part of the husband's property, or such sum of money in lieu thereof, as it deems just, having regard for the circumstances of the parties, respectively. G. L. 3590. It is apparent from the language of the statute that the court's investigation may take a wide range; and that it is the duty of the

court to give consideration to all facts affecting the situation of either party that will be helpful to a determination of what will be a just award. Among the things for consideration is the income, if any, of the parties, the husband's (*Bailey* v. *Bailey*, 76 Vt. 264, 56 Atl. 1014, 65 L. R. A. 332, 104 A. S. R. 935; *Mitchell* v. *Mitchell*, 193 Iowa, 153, 185 N. W. 62; *Gilbert* v. *Gilbert*, 305 Ill. 216, 137 N. E. 99; *Hegel* v. *Hegel*, 99 Conn. 18, 120 Atl. 722), and the wife's as well (*Sullivan* v. *Sullivan*, 170 Mich. 557, 136 N. W. 482; *Fredericks* v. *Sault*, 19 Ind. App. 604, 49 N. E. 909; *Dietrick* v. *Dietrick*, 88 N. J. Eq. 560, 103 Atl. 242; *Bladine* v. *Bladine*, 158 Minn. 296, 197 N. W. 261; *Hegel* v. *Hegel, supra; Mitchell* v. *Mitchell, supra*). This whole subject is covered by an instructive note to *Van Gorder* v. *Van Gorder*, 54 Colo. 57, 129 Pac. 226, 44 L. R. A. (N. S.) 998

[2] In fixing the amount of the award, the court is vested with a wide, but judicial discretion. If that discretion is neither withheld nor abused, the decision, on general principles, is not subject to review. But if the trial court declines to consider a material fact, well proved, or makes what is manifestly an unjust award, this Court will correct the error.

[3, 4] The facts covered by the requests referred to were material and should have been found. The refusal of the court to comply with the requests amounted to a ruling that they were not material, which would be error.

It does not necessarily follow, however, that the error is of such consequence as to require a reversal. To determine this, we may refer to the evidence, which is before us. *Yeomans* v. *Bell*, 151 N. Y. 230, 45 N. E. 552.

If, on the evidence before it taken most strongly for the defendant, the court had found the requested facts, the record would show that the defendant had an income from his earnings of $29.70 per week; that the petitioner had no income except the $10 per week temporary alimony, and what she earned taking in sewing; that the joint property brought in $70 per month for rent of the garage, and an undisclosed amount for rent of the premises at No. 48 Canal Street. This is as far as the court could have gone on the evidence before it. We do not think these facts would have materially affected the situation presented by the findings or the decree predicated thereon. A case should not be reversed for lack of a material finding of which there was no evidence presented, or one too trivial or unimportant to affect

the result. In such cases, the error, if any, is wholly harmless. *Thompson* v. *Vroman,* 66 Hun. 245, 21 N. Y. S. 179. No prejudice is shown in the omission under discussion, and a reversal is not required.

[5] The findings show that these parties, by their joint efforts, became the owners of real estate worth $10,000, which stands in their joint names, and which is mortgaged for $7,000; that the defendant owes other debts amounting to about $1,700; that the petitioner is able to support herself; that the defendant is an automobile mechanic and dealer in secondhand cars, and that the real estate or some part of it would be especially useful to him on that account. The court decreed the real estate to the petitioner, subject to the payment by her of the mortgages on it; the decree was also conditioned that the petitioner should pay the defendant the sum of $1,500. In other words, the court divided the equity in the real estate between the parties. The decree also provided that the defendant should pay $6 per week for the support of the four year old child and $75 suit money.

We cannot say, as matter of law, that this allowance of alimony is so unreasonable and unjust as to amount to an abuse of the discretion vested by law in the trial court.

[6] There was no error in the refusal of the court to reopen the case to allow the defendant to introduce further evidence on the subject of alimony. No reason is given why the additional evidence was not presented at the trial, nor is its amount or character shown by the record. The ruling was too plainly within the court's discretion to require discussion. Nor was there any error in the decree on the findings as made. Indeed, the defendant does not claim that the decree was wrong except as to the award of alimony.

*Decree affirmed.*

JUSTICE TAYLOR concurred in this opinion, but deceased before same was handed down.