## Nancy P. Hall v. Alexander Hall

[ 206 A.2d 786 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney and Keyser, JJ.

Opinion Filed December 1, 1964

*Black and Plante* with *Frank G. Mahady* on the brief for libellant.

*Monti, Paterson, Calhoun, Eldredge and Noble* for libellee.

**Barney, J.** The divorce decree in this case, by its terms, continued until "further order of court." At his retirement, the libellee ceased to comply with the support payment provisions, saying that, at the time the order was drawn, the parties had stipulated that the support order would automatically terminate with his employment. The libellant promptly brought a petition for contempt.

At the initial hearing, the libellee requested time to file an answer and a petition for modification. The court granted him thirty days, but ordered that he continue to comply with the support order during that time.

At the next hearing the libellee moved for dismissal of the contempt petition and to amend the original order. Although the court declined to dismiss the petition for contempt, it nevertheless refused, also, to adjudge the libellee guilty of contempt. It also denied the libellee's motion to amend the order. The libellee appealed both rulings here.

The hearing was preoccupied with a dispute centering around an alleged difference between the terms of the order governing its continuance, and the term of the written stipulation applying to the same issue. The order of events in 1958, when the order was made, sheds some light on the disagreement.

The then trial court, at the close of the hearing, gave an oral statement of its understanding of the oral stipulation then existing between the parties, expressing them as the court stated it intended they should be embodied in a written order. Both parties were present, and, after settling a question of legal fees, indicated their agreement with the terms stated by the court. Counsel were then asked to prepare and file, prior to preparation of the written order, a written stipulation embodying those provisions. This was done.

However, the written stipulation provided for support payments to continue "each month so long as the libellee earns his present salary." It is undisputed that the written court order provided that

payments were to continue so long as "his present employment and earning capacity remains the same and that if that changes, it shall be subject to further order of the Court." This exactly reproduced the oral statement of the court.

■ The libellee finds fault with the order as it varies from the stipulation. But the court entering the decree was not bound by the stipulation in this particular. Although the court may well have been satisfied that support for the libellant might have to be abridged or terminated at the libellee's retirement, this would not, in any way, restrain the court from requiring that the expected change come about only after proceedings which brought the circumstances at that time again under the eye of the court. This leaves the burden of showing a change of circumstances on the party claiming its benefits, as our cases do. *Davis* v. *Davis,* 121 Vt. 242, 245, 154 A.2d 463. We must presume that the court intended the order to be as it was drawn, and affirm its authority to so draw it.

■ From the time the provisions of the order were announced in open court, through the time of acceptance of service of the written order by the libellee, down to the present, the burden was, at all times, on the libellee to present to the court any prayers for changing that order in his behalf. *Sand* v. *Sand,* 116 Vt. 70, 72, 69 A.2d 7. He did do this, in response to the petition for contempt, basing his claim on the variation between the written order and the written stipulation. This was not enough. As allegation it was insufficient, and as evidence it was immaterial. In alimony orders, as in custody orders, a petition alleging, and evidence showing, change in circumstance is a prerequisite. Even so, the change alleged and proved may still be insufficient as a ground for modification. *McKinney* v. *Kelley,* 120 Vt. 299, 302, 141 A.2d 660. The stipulation suggested a prospective change, but the order left it to the libellee to establish it with evidence.

The findings make it apparent that his evidence did not persuade the lower court in the present proceeding that there had been anything demonstrated amounting to a factual basis for amending the order. Nothing appears in the case on this issue except the bare fact that the libellee had, as expected, been involuntarily retired. Whether his financial situation had altered for better or worse from that when the order was made nowhere appears. There is, literally, no evidence of any change in circumstance relative to the issue of libellant's sup-

port, to operate as either a prerequisite to a petition, or grounds for modification. The court's denial of the petition to amend was proper, because to amend on the state of this case would have been error. *Loeb* v. *Loeb,* 118 Vt. 472, 493, 114 A.2d 518; see also *Loeb* v. *Loeb,* 120 Vt. 489, 497, 144 A.2d 825.

The libellee has no issue to raise before this Court in connection with his motion to dismiss the contempt petition, since the judgment on that issue went in his favor. See *Thompson* v. *Smith,* 119 Vt. 488, 511, 129 A.2d 638.

The libellee disputes the propriety of the assessment of costs against him by the lower court. In view of his petition to revise the original order in this case, 15 V.S.A. §603, providing for the award of costs in such cases by the court as equity may require, is full authorization for their award here.

*Judgment affirmed. Motion for reargument denied.*