# Doris V. Braine v. Thomas B. Braine

[ 243 A.2d 797 ]

April Term, 1968

Present: Holden, C.J., Shangraw, Barney and Smith, JJ.

Opinion Filed June 4, 1968

*John T. Ewing, Esq.*, for the Petitioner-libelee.

*Wick, Dinse & Allen* for the Petitionee-libelant.

**Barney, J.** On petition of the libelee-husband, the final divorce decree between the parties, entered December 5, 1957, was modified and the support payments reduced. The libelant appeared in opposition, and now appeals the modification of the decree.

The findings disclose that the original order was based on a stipulation entered into prior to the granting of the divorce. The order followed the stipulation in fixing the monthly support payment figure beyond the period when the younger child, then eleven, reached twenty-two. When the older, then fifteen, reached twenty-two, the required payments of $213 a month were reduced to $175. When the other child reached that age, the monthly payments were to become $125.

This petition was brought just a few months before the younger child became twenty-two. The order was modified so as to require payments of $75 a month thenceforth, without regard to the age of the children. The order was not otherwise varied from the stipulated terms.

The remainder of the facts reported in the findings may be briefly summarized. The stipulation called for the sale of the real estate and for the libelant to obtain employment before the payment schedule already described was to start. The libelant found a position at Champlain College, and has remained there since, a period of some

nine years. Her 1966 salary was $7,576.66. Her monthly expenses amount to $550. She recently inherited $10,000, which is on deposit to the joint credit of herself and the oldest child. The two children were twenty-one and twenty-five years of age, respectively, at the time of the hearing, and both are married and self-sustaining. The libelee has remarried, and his present wife is employed at a substantial annual salary. His own income comes to $649.36 a month, and his expenses $722.77, with an annual deficit of $880.92. In 1966 he paid the libelant $2100. At the time of hearing his assets amounted to $23,981.06, his liabilities to $17,143.46, yielding a net worth of $6,837.60. The stipulation also called for life insurance on the libelee for the benefit of the libelant and the children as long as they were under twenty-two.

With these facts in hand the court went on to find that there has been a change in circumstances in relation to the parties since the issuance of the original decree. This determination is a prerequisite to any authority to grant a petition to modify. *Miller* v. *Miller,* 124 Vt. 76, 79, 197 A.2d 488. Moreover, the findings must show that change to be of sufficient material substance to support the amendment made to the order. *Hall* v. *Hall,* 124 Vt. 410, 412, 206 A.2d 786.

The discretion granted the court in arriving at property settlements and support orders is large, and must usually be exercised under most taxing circumstances. The conclusions reached are not to be lightly set aside by tribunals not exposed to the testimony, arguments and explanations presented below. Courts asked to modify an order should also approach the matter carefully, requiring a full exposition of the facts and a demonstration that the original order has become unfair, unwise or in some other way inappropriate.

When the parties make their own arrangements, as they are permitted to do by 15 V.S.A. §552, and their stipulations find acceptance with the court hearing the matter, the need for later alteration should have especially explicit exposition. For the parties have contracted, and, if modification is freely indulged or granted without warrant, a party may have forfeited rights or positions of advantage for consideration that suddenly becomes insecure or inadequate. In this kind of case, the burden on the petitioner to establish a change in circumstances becomes a case of showing cause for being excused

from a presumptively fair, formal and binding promise to perform. *Clearly* v. *LaFrance,* 109 Vt. 422, 427-428, 199 A. 242. Certainly fraud, unconscionable advantage, impossibility of performance or hampering circumstances intervening beyond the expectation of the agreeing parties may legitimately appeal to the discretion of the court in amending the agreement. If the order is to be amended, however, there must be sufficient support for the change demonstrated in the findings. *Strong* v. *Strong,* 123 Vt. 243, 248, 185 A.2d 924.

■ In this case the court below did not indicate what the change was that was to justify the modification made. This Court is not informed as to whether the financial circumstances of the libelee recited in the findings are, or are not, different in any substantial way from what they were in 1957. Certainly the libelant's inheritance is no obstacle to the libelee's performance of his agreement. If the support burden had been an original computation by the court from the evidence, rather than from a stipulation, the consequent betterment in the libelant's position might more suitably be for consideration in weighing modification.

■ Regretably, we do not know whether this inheritance, or something else, prompted the amending order. As the case now stands, nothing by way of evidentiary support for the change made now appears in the findings. *Hall* v. *Hall, supra,* 124 Vt. 410, 412-413, 206 A.2d 786. Further findings, if there is evidence to generate them, are necessary if warrant for modification is to be established. *Strong* v. *Strong, supra,* 123 Vt. 243, 248, 185 A.2d 924.

*Order of modification reversed and cause remanded.*