**Rita F. French v. Eric M. French**

[259 A.2d 778]

No. 9-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 2, 1969

*Davis, Martin & Free,* and *John E. Bernasconi,* Barre, for Plaintiff.

*Norbert J. Towne,* Northfield, and *John A. Burgess,* Montpelier, for Defendant.

**Holden, C.J.** The defendant father brings this appeal from proceedings which derive from a divorce granted to plaintiff May 22, 1964. The question is increased weekly allowance ordered for support and maintenance of three minor sons whose custody was granted to the mother at the time of the divorce. At that time the boys were aged ten, eight and seven and the defendant was ordered to pay twenty dollars each week for their collective support and maintenance. The lower court increased the award to thirty dollars each week.

Both parents have been gainfully employed during the interim since the divorce. Although the defendant has changed employment, his weekly income has remained substantially at the same level of seventy-four dollars. The same holds true of the plaintiff's earnings. The court found her expenses for food and clothing have increased as the boys have grown older during a period of constantly increasing cost of living.

The court regarded these factors as constituting a material change in the plaintiff's financial status and amended the decree accordingly. The defendant challenges this determination, contending that the facts shown in the record are insufficient to confer jurisdiction to alter the original decree as it relates to support of the minor children.

■ The proceedings to modify the decree are founded on 15 V.S.A. § 758. A change in circumstances and conditions since the original decree is a jurisdictional prerequisite to the power of the court to deal with the problem. Otherwise, the doctrine of *res judicata* prevents a judgment of modification. *Sand* v. *Sand,* 116 Vt. 70, 71, 69 A.2d 7.

■ ■ Every court has the power in the first instance to determine the jurisdictional facts in the cause presented for adjudication. *Town of Woodstock* v. *Cleveland,* 125 Vt. 510, 512, 218 A.2d 691; *Thorp* v. *Porter,* 70 Vt. 570, 572, 41 A. 657. The weight and sufficiency of the evidence to establish a change in circumstances to justify a new order for support

is entrusted to the tribunal where the petition is presented. Its determination on this issue must stand unless its corrective action is without cause, in fact and law. *Davis* v. *Davis*, 121 Vt. 242, 245, 154 A.2d 463.

In this instance, the burden of supporting the minor children has been shared by both parents. It is not questioned that the cost of food, clothing and shelter has increased the burden carried by the mother. She has been entrusted with first responsibility for the care and custody of the sons as they have advanced in age and schooling. It would be manifestly unjust to compel her to bear the increasing cost of that responsibility alone, without additional contribution from their other parent. Nor would such result serve the interests of the children. See *Miller* v. *Miller*, 124 Vt. 76, 79, 197 A.2d 488.

The fact that the financial resources of both parents have remained substantially unchanged will not exonerate the father from his share of parental responsibility to meet the new demands of changing times and conditions. These considerations are amply demonstrated in the case before us and provide ample support for the order entered by the lower court.

*The order amending the decree is affirmed. Let the plaintiff recover her costs and counsel fees to the extent of two hundred dollars to aid in meeting her expenses on appeal.*