## Candace Hudson v. Robert E. Hudson

[290 A.2d 31]

No. 114-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 5, 1972

*Richard S. Kohn,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*Witters, Zuccaro & Willis,* St. Johnsbury, for Defendant.

**Smith, J.** This is an appeal from the judgment order of the Caledonia County Court dated June 25, 1971, denying peti-

tioner-appellant's application to have her permanent support payments increased.

The appellant was granted a divorce by the Caledonia County Court on September 7, 1966. A stipulation was filed with the court and accepted by it, in which the parties agreed that their then two minor children should be awarded to the appellant, and the appellee agreed to pay $160 per month for support money to the appellant as well as $70.00 per month child support for each of the two children of the marriage. It also appears that the real estate then owned by the parties was decreed to the appellant, subject to her payments of the mortgage thereon. Appellant at that time was suffering from multiple sclerosis, which necessitated her using a walker and such condition has become worse since the time of the divorce. On July 5, 1970, one of the minor children of the party became of age and the appellee terminated his support payments for such child.

In May, 1971, the appellant petitioned the Caledonia County Court to increase the amount of support payment received by her from the appellee on the ground that the circumstances of the parties had changed since the making of the original order.

In its findings of fact, after hearing, the lower court found that the circumstances of the appellant had changed since the original decree and order, but that the circumstances of the appellee had not changed, and that he was unable to increase his alimony payments to the appellant beyond the amount set in the court order of September, 1966.

The findings of the lower court leave no doubt that the appellant's physical condition, due to the progress of the disease from which she suffers, has degenerated from partial helplessness at the time the divorce was obtained to one of almost complete physical dependency at the time of hearing. She is in need of more physical and nursing help at the present time than she was in 1966, and her living expenses have increased over the intervening years. The court also found, however, that the take-home-pay of the appellee, who has remarried in the intervening years to a second wife with children from her first marriage, has decreased, rather than increased in the same period of time.

The basic finding of the lower court was that while the court found there has been a change of circumstances as far as the

appellant was concerned, it was unable to find that the appellee's circumstances had likewise changed and that the appellee at this point is unable to increase the alimony beyond that of the court order of May 14th, 1971.

In *Braine* v. *Braine,* 127 Vt. 211, 243 A.2d 797 (1968), this Court was presented with an appeal from an order to modify a final divorce decree, which order reduced support payments on the part of the libellee-husband to the libellant-wife on the ground of changed circumstances. The factual situation in *Braine* was similar in some respects to the instant case in that the original order of the court was based on a stipulation entered into prior to the granting of the divorce. Justice Barney, speaking for the Court and reversing the order below, laid down certain guidelines to be followed in such circumstances.

"The discretion granted the court in arriving at property settlements and support orders is large, and must usually be exercised under the most taxing circumstances. The conclusions reached are not to be lightly set aside by tribunals not exposed to the testimony, arguments and explanations presented below. Courts asked to modify an order should also approach the matter carefully, requiring a full exposition of the facts and a demonstration that the original order has become unfair, unwise or in some other way inappropriate.

When the parties make their own arrangements, as they are permitted to do by 15 V.S.A. Sec. 552, and their stipulations find acceptance with the court hearing the matter, the need for later alteration should have especially explicit exposition. For the parties have contracted, and, if modification is freely indulged or granted without warrant, a party may have forfeited rights or position of advantage for consideration that suddenly becomes insecure or inadequate. In this kind of case, the burden on the petitioner to establish a change in circumstances becomes a case of showing cause for being excused from a presumptively fair, formal and binding promise to perform. Certainly fraud, unconscionable advantage, impossibility of performance or hampering circumstances intervening beyond the expectation of the agreeing parties

may legitimately appeal to the discretion of the court in amending the agreement. If the order is to be amended, however, there must be sufficient support for the change demonstrated in the findings." *Braine* v. *Braine, supra,* 127 Vt. at 213, 214 (accompanying citations omitted from quotation).

The claims of error made here by the appellant are that the lower court should have taken into consideration the appellee's second wife's income in determining the appellee's ability to increase alimony payments to his first wife. Also claimed by the appellant is that child support payments made to the second wife for the support of her children by a previous marriage were material on the question of appellee's ability to increase his alimony payments to his former wife, and that the lower court should have taken into consideration that the appellee was no longer compelled to make a $70.00 support payment to a child of the first marriage after said child had attained his majority.

■■ We find no error in the refusal of the lower court to take into consideration the income of the appellee's new wife in its consideration of whether or not there was such a change in circumstances on the part of the libellee as to order an increase in alimony payments to the wife of his first marriage. Vermont has no statute providing that a wife possessing a separate estate is bound to' support the husband, nor that such circumstances relieves the husband of his obligation of family support. The money received by the second wife of the appellee for the support of her children from the husband of her first marriage was for child support only, and the money so received could only be used for the benefit of the children of her first marriage. 27A C.J.S. *Divorce* § 32(2), at 638.

■ However, such findings by the lower court, although correct, are of little importance considering the real nature of the question before us. We are not dealing here with an order of support made by a court which is sought to be modified. What we do have here, as in *Braine*, is a contract made between the parties, with their stipulations finding acceptance with the court which heard the matter. An improvement, or lack of improvement, in the condition of either party did not

change the contract that they had entered into at the time that the libellant-appellant obtained her divorce from the libellee. The appellant sought and obtained a divorce, and obtained a stipulated amount of money, with the knowledge that she was sick at the time. The alimony payment was not a court generated order to pay her money because she was sick, but was an amount agreed upon as a result of a contract between the parties. The fact that the appellee has been relieved by the passage of time for the support of one of the children, as specified in the stipulation and court order, does not alter the terms of the contract between the parties as to the alimony payments to the wife, nor do the circumstances of the second marriage.

It cannot be said that the appellant, having secured the divorce she sought from the appellee, and having stipulated with him as to the amount of alimony she has received, is still a permanent dependent upon the appellee for support above and beyond the amount which she contracted to receive from him.

> "The weight and sufficiency of the evidence to establish a change in circumstances to justify a new order for support is entrusted to the tribunal where the petition is presented." *French* v. *French,* 128 Vt. 138, 140, 259 A.2d 778 (1969).

Under the law as set forth in *Braine* v. *Braine, supra,* the appellant here had the burden of showing cause for being excused from a presumptively fair, formal and binding promise to require from the appellee as alimony only that sum set forth in the stipulation, which had been accepted by the court granting the divorce.

The finding of the lower court, supported by the record and transcript before us does not show that evidence was presented by the appellant to show fraud, unconscionable advantage, impossibility of performance or hampering circumstances had intervened beyond the expectation of the parties at the time they entered into the stipulation. Without such evidence, the lower court was correct in refusing to exercise its discretion in such a way as to modify the alimony provision of the original decree, carrying out the agreement of the parties,

as asked for in the petition of the appellant. *Braine* v. *Braine, supra.*

*Judgment affirmed.*

**Shangraw, C.J.** dissenting. Before expressing my views, and to amplify somewhat on the facts as related in the majority opinion, I take occasion to quote the following findings made by the court:

"3. That whereas petitioner was capable of taking care of herself to a great extent in 1966, she now cannot walk and has lost the use of her hands and is totally dependent on others.

4. That whereas in 1966 petitioner was not taking drugs, her worsening condition has necessitated large expenditures for drugs.

5. That petitioner's worsening medical condition has required substantial expenditures for various medical supplies, including a wheelchair, hydraulic lift and various pads and devices to take care of her bodily needs since she is immobile.

6. That her circumstances have further changed since 1966 in that until the present time her mother has taken care of her, but now petitioner's mother is over 70 years old and is quite ill herself.

7. That petitioner's mother is no longer capable of taking care of her, which circumstances will require the hiring of a full time housekeeper. Petitioner presently pays a housekeeper $10 for one day's work.

8. That the house in which petitioner lives is in a deteriorating condition and recent repairs have been made on the roof and cellar requiring further expenditures.

9. That although the petitioner could not remember her specific expenses of five years ago, her testimony is sufficient to establish that her living expenses have increased.

10. That the petitioner's present expenses are as follows:

| | |
|---|---|
| Food | $140 per month |
| Taxes | $ 40 per month |
| Hospital & life insurance | $ 21 per month |

| Drugs | $ 40 per month |
|---|---|
| Nurse | $ 12 per month |
| Housekeeper | $ 40 per month |
| Electricity | $ 28 per month |
| Fuel (winter) | $ 56 per month |

13. The petitionee's net earnings in 1966, as an employee of Fairbanks Morse Weighing System Division were approximately $432.00 per month and his net earnings from service as a member of the Vermont National Guard were approximately $83.00 per month, making a total net monthly income in 1966, of approximately $515.00 per month.

14. The petitionee's present net monthly income is approximately $510.57 as an employee of Howe Richardson Scale Company, and the petitionee is no longer an active member of the Vermont National Guard and receives no income therefrom."

And, by way of a conclusion, the court continued by stating, ". . . the Court finds change of circumstances as far as the petitioner is concerned but is unable to find that the petitionee's circumstances have likewise changed and that the petitionee is at this point able to increase the alimony beyond that by Court Order of September 1966."

The petitionee has remarried. His new wife, a registered nurse, nets $280.00 monthly for her services. She also receives $200.00 per month for the support of two children of a previous marriage. No findings were made concerning this income. The foregoing, added to petitionee's present earnings of $510.57 per month, makes available $990.57 monthly.

In addition to the monthly alimony to the petitioner of $160.00, the petitionee was ordered to pay $70.00 per month for the support of each of his two children. One child, a son, became of age and the petitionee has been relieved of the monthly payment of $70.00 for his support. No finding was made to this effect.

Petitioner owns a two-apartment house in Lyndonville, Vermont. She occupies one apartment. Her apparent source of income is limited to the monthly alimony of $160.00 plus $43.00 per month which she receives as rent from the remaining

apartment. In paragraph three of the findings the court found that her living expenses amount to sums aggregating $377.00.

Laying aside the funds received by petitionee's present wife by way of alimony and support of her two minor children, the petitionee's earnings are only $4.43 less than at the time the initial support order was made in September, 1966. Having been relieved of the monthly payment of $70.00 to his son, petitionee's financial position has improved. A determination by the trial court that it is unable to find that petitionee's circumstances have changed is inconsistent with the record.

A stipulation was signed by the parties and filed with the court. It provided that the petitionee pay to the petitioner $160.00 per month as alimony "until further order of the court".

The decree as it applies to alimony of $160.00 monthly to the petitioner, as well as the monthly payments for the support of each of the minor children followed the provisions of the stipulation and also contains the provision "until further order of the court".

It is self-evident that the court below left the door open, under proper circumstances, for a modification of the order as it related to alimony as well as child support. This it was authorized to do.

This is not a case where a property settlement was made in lieu of alimony. The court correctly determined that petitioner's circumstances had changed since the original decree awarding alimony was made.

I am mindful that the court has discretion to modify an alimony decree as is accorded the court in original actions concerning alimony and support. *Davis* v. *Davis*, 121 Vt. 242, 244, 154 A.2d 463 (1959) ; *Shaw* v. *Shaw*, 99 Vt. 356, 358, 133 A. 248 (1926).

The dismissal of the petitioner's petition for a modification of the alimony order is too far out of line with fairness and justice for me to subscribe to. I would reverse and remand.