## Deborah G. Hoffman v. Grant A. Hoffman

[333 A.2d 94]

No. 42-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

*Manfred W. Ehrich, Jr., Esq.*, Bennington, for Plaintiff.

*Whalen & O'Dea*, Manchester, for Defendant.

**Daley, J.** Deborah G. Hoffman was granted a divorce from Grant A. Hoffman in the Bennington County Court by order dated April 6, 1972. Prior to the uncontested divorce proceedings, the parties stipulated that there would be no alimony, but they did agree that the husband would pay fifteen dollars per child per week for the support of the two minor children of the marriage until emancipation, their attainment of eighteen years of age, or their completion of college. These stipulated provisions, pertinent to this appeal, were incorporated in the divorce order.

Less than two years later, on January 18, 1974, Mrs. Hoffman filed a motion to amend the support order, asking for ali-

mony and an increase in child support, alleging substantial change in the circumstances of the parties. After a February hearing, the county court issued findings of fact and conclusions of law stating that there had been a substantial change in the financial circumstances of the parties. The original support provision of the divorce order was consequently stricken, and the defendant was ordered to pay thirty-five dollars per week per child for the support of the minor children of the marriage. Defendant contends on appeal that the evidence does not support the finding of a substantial change in the circumstances of the parties, particularly in light of the stipulation of the parties as to support adopted by the court in its original decree. We agree and, therefore, reverse.

■■ In divorce proceedings the discretion granted the court in arriving at property settlements and support orders is large. 15 V.S.A. § 292; *Braine* v. *Braine,* 127 Vt. 211, 213, 243 A.2d 797 (1968). However, when the parties make their own arrangements as to property settlement and support provisions, as they are permitted to do by 15 V.S.A. § 553, and their stipulations find acceptance with the court, the need for later alteration should have especially explicit exposition. *Braine* v. *Braine, supra,* 127 Vt. at 213. If the order is to be amended, there must be sufficient support for the change in the findings and the findings must, as always, be backed by the evidence. *Kissell* v. *Kissell,* 131 Vt. 77, 300 A.2d 551 (1973). The evidence presented below does not supply the explicit exposition required by *Braine* to support the court's conclusion of substantial change.

The findings disclose that in April, 1972, at the time of the divorce proceedings, plaintiff was netting seventy dollars per week from her job. In February, 1974, at the time of the motion to modify, she was clearing sixty dollars per week from different work. Defendant, in 1972, was unemployed with no regular income and intended on returning to college. In 1974, he was found to be a one-third owner in a business venture in Manchester known as "The Palace" and was living with a woman who was supporting him. We hold that the finding that Mr. Hoffman was averaging between one hundred twenty-five dollars to one hundred fifty dollars per week tending bar is clearly erroneous. A careful reading of the transcript shows

that defendant was estimating his earning capacity in different job roles at different times of the year, not testifying as to his actual earnings as the lower court apparently believed. The court's finding that defendant has an earning capacity of one hundred fifty dollars per week is, however, fully supported by the evidence presented below. The findings further disclose that in 1972 plaintiff was paying sixty-five dollars a month for an apartment in Arlington, Vermont, while in 1974, she was living in Dorset, Vermont, and paying two hundred twenty-five dollars monthly for rent. Plaintiff also presented an itemized listing of her monthly expenses in 1974, which amounted to seven hundred seventy-five dollars per month.

The evidence before the lower court was crucially deficient in the following respects, however. There was no evidence presented as to plaintiff's monthly living costs in 1972 to contrast with the seven hundred seventy-five dollars monthly expense figure in 1974. Thus, in this instance, the lower court could not properly use the monthly expense figure to find a change in circumstance. Likewise, the fact that defendant was living with a woman who was fully supporting him was not a changed circumstance, as the evidence shows that this living arrangement had existed for two and one-half years, well before the 1972 divorce order. The husband's earning capacity of one hundred fifty dollars per week was also not a changed circumstance, as it was based on his testimony of earning power from jobs he held before the divorce order.

The only findings that remain to support a change in circumstances are the decreased weekly earnings of the wife from seventy dollars per week to sixty dollars per week and the voluntary increase in her rental from sixty-five dollars per month to two hundred twenty-five dollars per month. We do not regard the above findings sufficient to establish a material change in circumstances of the parties, which is the prerequisite for a modification of any custody order. *Miller* v. *Miller*, 124 Vt. 76, 197 A.2d 488 (1963). Moreover, in cases, as here, involving stipulations of the parties as to support incorporated in the original divorce decree, the explicit exposition of the need for alteration of support provisions required by *Braine* is clearly not shown by the findings or by the evidence.

We note in conclusion that the facts as presented in the case at bar differ crucially from those in the case of *French* v. *French*, 128 Vt. 138, 259 A.2d 778 (1969). No stipulation as to support was incorporated into the support order in *French*. In affirming the increase of the support order there, we said that even though the financial resources of both parents remained unchanged, this will not exonerate the father from his share of parental responsibility to meet the new demands of changing times and circumstances. *Id.* at 140. In *French*, the demands of changing times and circumstances were amply demonstrated; in the case before us, these same demands were either incompletely presented or absent altogether.

*Reversed.*