## Erwin J. Clifford v. Selma F. Clifford

[340 A.2d 60]

No. 171-72

Present: Barney, C.J., Smith and Daley, JJ., Shangraw, C.J. (Ret.) and Martin, Supr. J.

Opinion Filed June 3, 1975

*John W. Brockway, Esq.,* White River Junction, for Plaintiff.

*John S. Burgess, Esq.,* Brattleboro, for Defendant.

**Daley, J.** The defendant appeals from the judgment of the Windsor County (Superior) Court entered on a motion to modify the divorce decree obtained by the plaintiff in 1964. The plaintiff and the defendant were married on September 5, 1943. In 1949 Mrs. Clifford was diagnosed and treated for multiple sclerosis, a disease characterized by progressive deterioration. In 1964 the Cliffords were divorced on the ground of intolerable severity. The divorce decree orders were based on a stipulation made prior to the granting of the divorce.

The decree awarded the custody of the children born of the marriage to the plaintiff with visitation rights to the defendant. The defendant was decreed the homestead premises and an apartment building containing six apartments. These two properties were valued at approximately $50,000 and were conveyed free of any mortgage indebtedness. She was also awarded a monthly payment of $200 for a period of 120

months, or until she remarried; attorney fees; an arrearage of $300 in temporary support payments; and an automobile.

The defendant prays in her motion that the monthly payments be increased to $600 without time limitation and that they continue, except upon her remarriage, beyond the ten-year period which has now terminated. She asks that these payments survive the death of the plaintiff and become a charge against his estate and that the plaintiff be ordered to pay all her medical bills in excess of $50 per week. The basis for these requests is the advancement of her multiple sclerotic condition, increased expenses, and a decrease in the net income from the real estate decreed to her.

The plaintiff has remarried; he and his present wife conduct an incorporated auto dealership. Their separate and combined incomes far exceed that of the defendant.

At the time of the divorce the defendant was able to drive and to hold down gainful employment. Now she is unable to fully care for herself, requiring constant round-the-clock attention and daily medication. With the cessation of the monthly payments, her sole source of income is $50 per month in the form of mortgage payments resulting from the sale of the apartment house which she was unable to maintain and properly superintend. Her expenses include $40 per week plus room and board for the full-time housekeeper, and $50 per month for medication. She still lives in the unencumbered homestead.

The defendant does not contend here that the stipulation was other than fair at the time it was made. In addition to the undisputed facts above set forth, the court found that the defendant knowingly entered into the agreement with advice of able counsel and with knowledge of her illness and its prognosis. The development of her illness since 1964 was not out of the ordinary nor unforeseeable. The court further found:

> Under the circumstances then existing, there is no evidence that the stipulation was not openly arrived at, and fair to the parties, particularly, considering that the libellee here was not the party securing the divorce and that custody and support of the children was awarded to the husband.

Concluding that the case was completely governed by our decisions in *Braine* v. *Braine,* 127 Vt. 211, 243 A.2d 797 (1968) and *Hudson* v. *Hudson,* 130 Vt. 225, 290 A.2d 31 (1972), the court denied the modification petition. The defendant challenges this conclusion.

■■ Both the *Braine* and *Hudson* cases require that where alimony is awarded pursuant to a stipulation the party seeking to amend the order show fraud, unconscionable advantage, impossibility of performance, or hampering circumstances intervening beyond the expectation of the parties at the time of their agreement. The burden on the petitioner to establish a change in circumstances becomes a case of showing cause for being excused from a presumptively fair, formal, and binding promise to perform. We agree with the trial court's conclusion that none of these elements are present here.

The effect of *Braine* and *Hudson* is not to prevent a modification of an alimony stipulation contained in the decree in all cases, but to place a heavier burden upon those persons who seek to amend or modify a contract with the other spouse relative to obligations coming into existence upon the dissolution of the marital status. The statutory law of this State allows parties to a divorce action to make their own arrangements. 15 V.S.A. § 553. When the parties contract, as they did here, their agreements are held to be final in the absence of proof of the elements set forth in *Hudson* v. *Hudson, supra.*

■ Contrary to the views of the defendant, ably espoused by her counsel, there is no legal duty upon the husband to support his wife after dissolution of the marriage. His obligations are delimited either by agreement or the exercise of a court's discretion in awarding to the wife alimony, real or personal property, or money in lieu thereof so as to impose finality to the previously existing duty.

The original order, however, does not designate the payments as alimony or support. This leads us to believe, in view of the court's findings relative to the nature and extent of the real and personal property owned by the parties jointly, severally, and by tenancy in the entirety, that the stipulation was, in effect, an adjustment of property rights accomplished by transfer of property and payment of money over a long period.

Therefore, their agreement cannot be vacated or modified in the absence of fraud, coercion, or other grounds on which ordinary judgments may be modified or set aside. *Robinson* v. *Robinson*, 130 Vt. 558, 561, 298 A.2d 556 (1972). None of these factors have been found to exist in this cause.

The trial court correctly denied the petition of the defendant. As a matter of public policy, we must reject the urging of defendant's counsel to overturn the doctrine set forth in the *Braine* and *Hudson* cases.

*Judgment affirmed.*