### R. Jane Brown v. James W. Brown

[365 A.2d 248]

No. 176-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

Motion for Reargument Denied July 6, 1976

*Perry & Schmucker*, South Burlington, for Plaintiff.

*Dinse, Allen & Erdmann*, Burlington, for Defendant.

**Billings, J.** Plaintiff-appellee was awarded a decree of divorce on February 11, 1974, by the Chittenden Superior Court, which decree incorporated a stipulation of the parties with respect to custody, child support, and alimony. Pursuant to the order, defendant-appellant was required to pay alimony in the amount of $90 per week and child support in the amount of $35 per week per child. In August, 1974, with plaintiff's acquiescence, the children went to live with defendant and defendant simultaneously discontinued the child support payments. Subsequently, plaintiff, alleging a material change in circumstances in that the children were no longer living with her, commenced a petition for modification seeking an amendment of the decree with respect to alimony payments. Plaintiff also brought a petition for contempt with respect to the arrearage on the child support payments. Defendant likewise moved to amend the original order respecting custody and support after plaintiff's petition was filed. The trial court amended the alimony order, increasing the weekly amount to $128, and simultaneously gave plaintiff a judgment against defendant for $2,170, which encompassed the thirty-one weeks of child support payments attributable to the time when defendant physically had custody and was supporting

the children. At the same time the trial court, with the consent of the parties, amended the custody order granting defendant custody. Defendant appeals the court's order modifying the original divorce decree.

 The court may revise and alter an alimony decree upon a finding of substantial change of circumstances or conditions subsequent to the entry of the original decree. 15 V.S.A. § 758; *French* v. *French*, 128 Vt. 138, 259 A.2d 778 (1969). In cases where the parties have made their own arrangements with respect to alimony, as permitted by 15 V.S.A. § 553, the agreements have found acceptance by the court. This Court has held in *Braine* v. *Braine*, 127 Vt. 211, 243 A.2d 797 (1968); and recently reaffirmed in *Clifford* v. *Clifford*, 133 Vt. 341, 340 A.2d 60 (1975) and *Hudson* v. *Hudson*, 130 Vt. 225, 290 A.2d 31 (1972), as follows:

> [T]he need for later alteration should have especially explicit exposition. For the parties have contracted, and, if modification is freely indulged or granted without warrant, a party may have forfeited rights or positions of advantage for consideration that suddenly becomes insecure or inadequate. In this kind of case, the burden on the petitioner to establish a change in circumstances becomes a case of showing cause for being excused from a presumptively fair, formal and binding promise to perform. . . . Certainly fraud, unconscionable advantage, impossibility of performance or hampering circumstances intervening beyond the expectation of the agreeing parties may legitimately appeal to the discretion of the court in amending the agreement. If the order is to be amended, however, there must be sufficient support for the change demonstrated in the findings.

*Braine, supra,* 127 Vt. at 213–14 (citation omitted).

In the case at bar, the only material change in plaintiff's circumstances was the voluntary and acquiesced in custody change, which change, although the trial court found it to be outside the control of the plaintiff, was nevertheless used as a basis for an increased alimony award. The trial court abused its discretion in this finding and conclusion, because the change as found was not outside plaintiff's control. Nor can

the arbitrary actions of minor children be considered as intervening beyond the expectations of the agreeing parties. She had the authority of a court order and stipulation giving her control of the children, which she failed to enforce. Plaintiff cannot rely upon her children's voluntary actions to which she consented to as the basis for an amendment in the alimony award; and, since no other change of circumstances has been shown by the evidence, the trial court was in error in increasing the alimony beyond that of the original stipulation and order.

 In order to recover lost support money, there are two methods of enforcement: (1) by filing a petition for contempt, 15 V.S.A. § 603, as was initially done here; and (2) by reducing to judgment the amount in arrears under 15 V.S.A. § 760. *Randall* v. *Randall,* 129 Vt. 432, 282 A.2d 794 (1971). In the instant case, the trial court was unable to find that defendant was in willful contempt but did render judgment for the overdue amount as it "deems just", pursuant to the mandates of 15 V.S.A. § 760. In reviewing a discretionary ruling, we must assume that the dictates of the statute were followed and indulge every reasonable presumption in support of the judgment. *LaFountain* v. *Vermont Employment Security Board,* 133 Vt. 42, 46, 330 A.2d 468 (1974). This determination will not be set aside unless clearly erroneous, V.R.C.P. 52; *Johnson* v. *Russell,* 134 Vt. 209, 356 A.2d 538 (1976), or unless it affirmatively appears that such discretion has been abused or withheld. *Burroughs* v. *Burroughs,* 132 Vt. 34, 36, 316 A.2d 522 (1973). The judgment of the trial court relative to child support arrearage is amply supported by the evidence and is legally sound, particularly since defendant altered the support provisions unilaterally, resorting to a motion to amend only after plaintiff's contempt action was initiated.

*The judgment order below in favor of the plaintiff in the amount of $2170.00 is affirmed. Paragraph 2 of the judgment order of May 6, 1975, modifying the original order of February 11, 1974, is vacated, and the cause is remanded.*