# Roy M. Harrigan v. Gloria B. Harrigan

[373 A.2d 550]

No. 47-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 5, 1977

*Divoll & Doores*, Bellows Falls, for Plaintiff.

*A. Hays Butler* of *Miller & Norton*, Rutland, for Defendant.

**Larrow, J.** Plaintiff appeals from the financial provisions of a divorce judgment in his favor, by which he was ordered to pay outstanding medical bills of the parties, and to pay defendant $36,000 at the rate of not less than $5,000 per year in lieu of claims for alimony or support. The appealed from order also purported to impose a lien securing such payments on his property, including patent rights and inventions. He claims error in disregarding a written agreement between the parties, or, in the alternative, abuse of discretion because his circumstances make such payment impossible of compliance. We will consider his claims in that order.

250

■■ At the outset, we are confronted with an absence of factual findings, which were waived by the parties. This shortage, as we have stated, is equally attributable to both parties. *Cleary* v. *Cleary*, 134 Vt. 181, 183, 353 A.2d 334 (1976). In contested matters, however, it renders appellate review more difficult, and, where the result on its face appears unsupportable, may require remand for clarifying findings. *Cleary, supra*, at 182. To determine whether a given result appears supportable, absent findings, this Court will examine the evidence, presuming the trial court to have had it in mind. *Cleary, supra; Segalla* v. *Segalla,* 129 Vt. 517, 531, 283 A.2d 237 (1971). Such review does not convince us that the trial court erred in disregarding the written agreement between the parties or in making the monetary award appealed from. We accordingly affirm.

The written agreement was very short, handwritten by the plaintiff as dictated by his attorney over the telephone. Its execution was during a period of marital stress and discussion of separation. Defendant had no attorney, nor opportunity to consult one. It was agreed she would take the "furniture and household possessions" and "not ask for alimony or other monetary payment(s) nor for any real or personal property whatsoever." According to the evidence, the parties lived in a rented, furnished apartment, and what little possessions defendant took with her were her own in any event.

■ We have had several occasions to examine separation agreements and stipulations between the parties, both in the context of incorporation in a divorce decree and the setting of a desired modification. *Strope* v. *Strope*, 131 Vt. 210, 303 A.2d 805 (1973); *Braine* v. *Braine*, 127 Vt. 211, 243 A.2d 797 (1968); *Hudson* v. *Hudson*, 130 Vt. 225, 290 A.2d 31 (1972). In each context we have reaffirmed the general principle that such instruments are contractual, and that in them parties may have forfeited rights or positions of advantage for consideration that suddenly becomes insecure or inadequate. We have recognized, in *Braine*, that consistent with general contract principles, a court may be justified in refusal to honor the agreement, or in later modifying it, in the presence of fraud, unconscionable advantage, impossibility of performance, or hampering circumstances intervening beyond the expectation of the parties. *Braine, supra*, at 214. To these justifications for judicial

disregard may be added collusion and duress. *Strope, supra,* at 217. Assuming as we must that the trial court had these general principles in mind, we are convinced that the recited evidence, plus further testimony as to the distraught mental condition of the defendant, justified refusal to honor the agreement of the parties on the ground of unconscionable advantage, especially where the defendant would have acquired nothing under the agreement beyond what was rightfully hers. The trial court's refusal to embody this skeletal, spur-of-the-moment "agreement" in its final judgment finds ample evidentiary support in the record.

As to the financial payments ordered, plaintiff concedes that the total awarded was well within the range of judicial discretion. Any other argument would indeed be hard to support, since during a four year marriage the plaintiff managed, through poor investment and spending for living purposes, to dissipate a $72,000 inheritance received by the defendant. The final judgment seeks only to restore to her, without interest, half of this amount paid over a long period. Apart from ability to pay, the issue raised by plaintiff here, larger and more rapid payments might well have met the test of judicial discretion.

And we think that sufficient evidence of ability to pay appears from the record. While his earnings record has indeed been spotty, the inheritance in question can well be considered a causative factor. He is capable of doing several jobs which require skill. He sold real estate successfully for several years, and has abilities as a surveyor and inventor. He owns patent rights to a cardiac resuscitator device being used in a Burlington hospital. These are valuable rights which he plans to market, and on which he has already realized $20,000 from sale of corporate stock. On his own testimony, he can sell interest in his inventions to obtain income in the future. All of the foregoing would indicate, as the trial court must have concluded, that he can meet the terms of the judgment order by making a reasonable effort. And, given plaintiff's concession that the total award is within the range of judicial discretion, little prejudice can accrue to him in any event from future inability to make the required payments, if that inability proves to be real rather than conjectural. An express finding of ability to pay is a prerequisite to punishment for contempt. *Spabile* v. *Hunt,* 134 Vt. 332, 360 A.2d 51 (1976).

*Judgment affirmed.*