# Ann Ellis v. David Ellis

[370 A.2d 200]

No. 92-75

Present: Barney, C.J., Daley, Larrow, and Billings, JJ., and
Keyser, J. (Ret.) Specially Assigned

Opinion Filed February 1, 1977

*Wool & Murdoch*, Burlington, for Plaintiff.

*Roger E. Kohn*, Hinesburg, for Defendant.

**Barney, C.J.** This is an appeal from the revision of a divorce decree. Two years after the original order the husband

brought a motion to modify it. A hearing was held and no findings of fact were requested by either party. The lower court changed the order in the husband's favor, but since he felt the adjustment inadequate he took this appeal.

The principal change in support of the motion related to an improvement in the wife's situation, not to any adversity suffered by the husband. The parties and the lower court accepted this as grounds for such a motion and proceeded to hearing.

At the time of the original divorce, the parties had been married for nine years. It was a second marriage for both, and no children were born of this marriage. The husband supported and has residing with him his daughter by his first marriage.

The original decree required the husband to pay one hundred dollars a week as alimony to the wife subject to her death or remarriage. He was employed as an engineer earning about three hundred forty dollars a week. At that same time the wife was working part time and earning about one hundred ninety dollars per month, or not quite fifty dollars a week.

Additionally, the wife received the house and most of the furnishings, subject to the outstanding mortgage. The husband has an interest in the home amounting to about one-half the equity at the time of the divorce, to be paid over if the house is sold. There were other matters dealt with in that original decree but they need not concern us here.

When the motion for revision was filed, the wife had obtained full-time employment netting her one hundred four dollars a week, and had inherited stocks valued in excess of $28,400. These stocks represented a dividend income that worked out to about thirty-one dollars per week. The husband's pay had also increased not quite sixty dollars per week. The revision of the support order reduced the husband's obligation by thirty-five dollars a week to a sixty-five dollar a week level.

█ The husband argues here that the evidence entitled him to be excused from all further alimony payments. Such entitlement is not to be insisted upon as a matter of law, since alimony is based on a factual determination by the trial court, and is an area where trial courts have wide discretion. *Lafko* v. *Lafko*, 127 Vt. 609, 617, 256 A.2d 166 (1969). If there is a demonstration of abuse in the exercise of that discretion, it

ordinarily results in a remand and rehearing, not in a final disposition here.

Unlike the situation in *Braine* v. *Braine*, 127 Vt. 211, 243 A.2d 797 (1968), no stipulation has been evidenced here. But, in common with that case, there has been an inheritance by the former wife. In that case we indicated that the betterment in the wife's position because of her good fortune was suitable for consideration in weighing modification.

It does not oust the duty of the trial court to determine the impact of that betterment on the burden of support. It does not necessarily dictate a particular outcome. The determination of these support obligations represents the exercise of discretionary judgment operative within broad limits. There is normally no single right result, but rather almost numberless supportable variations within the broad limits of judicial discretion. Nor can this Court reverse merely on the ground that its resolution, under the circumstances, would vary from an otherwise acceptable solution made below. *Lafko* v. *Lafko*, *supra*, 127 Vt. 609, 619, 256 A.2d 166 (1969).

Here the trial court, on the evidence, gave the husband full credit for the established dividend income from the wife's inheritance. No adjustment to the reduction was made on account of the husband's increased income. Presumably the trial court saw no benefit in inducing the wife to reject full employment if she was to lose all benefit from it in reduced alimony. The result reached below does not go beyond the limits of discretion. *LaFarr* v. *LaFarr*, 132 Vt. 191, 193, 315 A.2d 235 (1974).

The *LaFarr* case also points up the difference between the disposition of property between the parties under 15 V.S.A. § 751 and the awarding of alimony under 15 V.S.A. § 754. Alimony is defined as an annual allowance, and authority for its revision is found in 15 V.S.A. § 758. The only provision in the original order stated to be "alimony" is the one ordering the payment of one hundred dollars a week to the wife.

The division of the real estate was, therefore, a final division of property made under 15 V.S.A. § 751. Under the rule of *Robinson* v. *Robinson*, 130 Vt. 558, 561-62, 298 A.2d 556 (1972), such a determination is not subject to the modification provisions applicable to alimony orders.

The position of the husband is that changes in the value of the real estate, due to inflation, may be used to affect the amount of alimony paid. The short answer to this issue is that, without other showing of impact to the disadvantage or handicap of the payer of alimony, inflation quite obviously operates on the situation of both parties, devaluing at one and the same time the income of both as well as the worth of the alimony being paid. With no offer to show any special impact bearing on the burden borne by the husband in this case, no relevance for inquiry has been put forward.

Viewing the matter as it was fully developed in the transcript, it is also clear that the trial judge readily agreed that inflation as a factor affecting both parties would be taken note of by him. On the state of the record at that time, the husband was entitled to no more.

In pursuing his objective of alimony relief based on his former wife's improved circumstances, the husband also sought to demonstrate that she could exchange her decreed house for a smaller one and thereby better her financial picture, or could rent out part of her dwelling for some financial return. Indeed, there was some evidence that the wife had done something of the kind, to a limited degree.

All this is in the face of an increase in the husband's earnings. There is no question but what the problem of two households is a problem of expense and that there is a responsibility on both parties to adjust to the changed situation. Carrying the contentions of the husband as argued here to their ultimate conclusion, his duty to support would begin only when his wife had exhausted her assets and her employment capabilities. This is not required. The duty of alimony, when imposed, bears some relation to the circumstances under which the parties were able and accustomed to live during the marriage.

Moreover, this Court has held that an improvement in a husband's situation does not automatically justify an award of increased alimony on petition, even in the presence of great need. *Hudson* v. *Hudson*, 130 Vt. 225, 228, 290 A.2d 31 (1972). All things being equal, the former wife's improvement should not, therefore, automatically redound to the husband's benefit. It should also be considered that it would be poor policy to reward

efforts of the former wife to improve her property or situation with a corresponding reduction in alimony benefits not otherwise warranted. The destruction of admirable incentive is quite apparent.

The husband complains of lack of findings. This lack results from the election of the parties to forego them. The issues raised in this case are straightforward and insofar as either side may feel handicapped for lack of expression of the trial court's views as represented by findings and conclusions of law, they must abide the results of their own decision. No error appears.

*Judgment affirmed.*