# Mary G. DeKoeyer v. Jack H. DeKoeyer

[507 A.2d 962]

No. 83-447

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed January 17, 1986

Motion for Reargument Denied as Untimely Filed February 19, 1986

*Alexandra N. Thayer*, East Hardwick, for Plaintiff-Appellee.

*Duncan Frey Kilmartin* and *Peter E. Yeager* of *Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant from an order denying his motion to modify the 1979 final order and decree for divorce from plaintiff. Defendant had sought, through his motion, to reduce or eliminate his $35.00 per week alimony obligation.

On appeal defendant claims the court erred by excluding evidence and in failing to apply the criteria enumerated in 15 V.S.A. § 752. Further, defendant challenges the lower court's findings; claims the court abused its discretion; and argues, against "permanent" maintenance orders, on policy grounds. We affirm.

Plaintiff requested an award of attorney fees and costs in the lower court. As that court did not rule on her request, she asks this Court to remand the case for hearing on the award. We remand for this limited purpose only.

On January 3, 1979, the Caledonia Superior Court granted the parties a divorce and ordered the defendant to pay the plaintiff $35.00 per week designated as "permanent alimony until such time as she shall die or remarry." This provision of the divorce judgment order was identical to a stipulation signed by both parties and filed with the court on December 15, 1978.

On June 4, 1982, defendant filed a motion for modification asking the lower court, among other things, to reduce or eliminate the $35.00 per week permanent alimony. After a hearing the court found that at the time of the original decree defendant had worked as a store manager for about 10 years. After the decree defendant stopped working when his employer cut back on employees; it is not clear from the findings whether defendant quit his position or was fired. Thereafter, defendant went into business for himself, drawing a gross salary of $250.00 per week at the time of the hearing. Plaintiff, who had been employed at the time

of the divorce decree, currently does housekeeping work in Florida. The court found that both parties had experienced health problems since the divorce. Defendant had a heart attack in February 1979 and convalesced for about three months. Plaintiff's health had declined since 1979, and she was hospitalized for three days in 1982; she carries no medical insurance. The court concluded "that there has not been a substantial change of circumstances that is real, substantial, and unanticipated to the extent that would warrant a modification of the Judgment of Divorce with respect to permanent alimony."

## I.

Defendant's first claim on appeal is that the court erred in excluding evidence of his expectations, at the time of the divorce, that plaintiff would enhance her economic well-being through employment. Defendant correctly asserts that, under 15 V.S.A. § 758, he needed to show a real, substantial and unanticipated change of circumstances to convince the court to modify the divorce judgment. Defendant argues that by denying him the opportunity to introduce evidence of his expectations at the time of the divorce, the court excluded relevant evidence of anticipated circumstances and therefore the court could not adequately assess whether any changed circumstance was unanticipated. We disagree. What must be shown is an actual change in circumstances, not a failure to change according to the defendant's alleged expectations. The trial court properly excluded evidence of defendant's expectations of changes in the plaintiff's circumstances as irrelevant. See 15 V.S.A. § 758; V.R.E. 402.

Defendant also claims the court erred in excluding evidence of the pre-divorce social and economic history of the parties, evidence of interim changes not in effect at the time of the hearing, and evidence as to defendant's expectation regarding his own future financial condition. The court properly excluded all this evidence. The focus of the court's inquiry was whether a substantial change in circumstances existed at the time of the hearing. The circumstances of the parties prior to the divorce and any interim changes that were not in existence at the hearing were irrelevant. Likewise irrelevant was defendant's speculation regarding his future economic condition; only his condition contemporaneous with the hearing and his condition at the time of the

divorce were relevant. This irrelevant evidence was properly excluded. V.R.E. 402.

## II.

■ Defendant claims next that the court erred in failing to apply the criteria listed in 15 V.S.A. § 752 when considering defendant's motion to modify under § 758. We disagree. Section 752 provides those factors the court must consider in making its initial determination whether to order maintenance. While the factors listed in § 752 could prove helpful to a court considering a motion to modify, the court in our case need only assess the parties' current circumstances in light of their circumstances at the time of the divorce. If those circumstances *changed* in any way which was "real, substantial and unanticipated," the court could modify the judgment as to maintenance. The court could use the factors listed in § 752 when it evaluates any changed circumstance. See *Bullard* v. *Bullard*, 144 Vt. 627, 629, 481 A.2d 1049, 1051 (1984). In this case, the court considered the financial reserves and the health of the parties in assessing their circumstances. But the court did not err when it did not indicate that it considered all the § 752 factors.

## III.

■ Defendant next challenges the court's findings. Defendant claims the court erred in failing to find that "unconscionable advantage" had been taken of defendant at the time of the stipulation agreement and divorce decree. If defendant could have shown such unconscionable advantage, it could arguably have supported a modification to the order. Nevertheless, "[t]his argument is raised for the first time on appeal. We will not reverse a lower court when a party's failure to raise some matter below denied the court an opportunity to consider it." *Duke* v. *Duke*, 140 Vt. 543, 545, 442 A.2d 460, 462 (1982).

Defendant continues his attack on the court's findings, claiming they fail to indicate the method or standard by which the lower court made its decision to deny the motion to modify. *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 503, 367 A.2d 1363, 1366 (1976). As defendant points out, we held in *Barnet*, a property tax appraisal case, that the trial court's findings failed " 'to make a clear statement to the parties, and to this Court . . .

of what was decided and how the decision was reached.'" *Id.* In the instant case there was no such failure; the standard employed is clear. The court decided that the circumstances of the parties had not changed in a real and substantial and unanticipated way.

■ Defendant raises other challenges to the court's findings. We have concluded that defendant has failed to meet his burden of demonstrating that the court's findings are clearly erroneous. V.R.C.P. 52(a); *Vieweger* v. *Clark*, 144 Vt. 630, 481 A.2d 1268 (1984). We will not set aside the findings.

## IV.

Defendant next claims the lower court abused its discretion in not ordering a modification in light of our opinion in *Ellis* v. *Ellis*, 135 Vt. 83, 370 A.2d 200 (1977). But, as defendant concedes, *Ellis* stands for the "broad limits of judicial discretion" in cases like the one before us. *Id.* at 85, 370 A.2d at 201. "The result reached below does not go beyond the limits of discretion." *Id.*

## V.

Finally, defendant argues against the imposition of permanent maintenance on policy grounds. The 1979 divorce decree in this case designated the $35.00 per week alimony as "permanent," and ordered defendant to pay plaintiff until she remarried or died.

■ Contrary to defendant's position, our maintenance statute specifically provides that a court may order either rehabilitative or *permanent* maintenance. 15 V.S.A. § 752(a). This is a clear enunciation of public policy by the Legislature, and the plain meaning of the statute controls. *Shetland Properties, Inc.* v. *Town of Poultney*, 145 Vt. 189, 194, 484 A.2d 929, 932 (1984). Defendant's claim is without merit.

## VI.

■ Plaintiff asks this Court to remand the case to the lower court for the limited purpose of considering an award of her attorney's fees and costs incurred at the trial level. On April 12, 1983, plaintiff filed with the lower court a request for an award of fees and costs. See *Bibens* v. *Bibens*, 144 Vt. 287, 288-89, 476 A.2d 134, 135 (1984). A review of the record indicates the lower court failed to rule on the request. We remand the instant case to the lower court for consideration of plaintiff's request.

*Affirmed; remanded for the limited purpose of considering plaintiff's request for an award of attorney's fees and costs.*