## Frances H. Shippee v. Norris W. Shippee

[508 A.2d 701]

No. 84-190

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed February 28, 1986

*Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Plaintiff-Appellant.

*Theodore C. Kramer* of *Crispe & Crispe*, Brattleboro, for Defendant-Appellee.

**Allen, C.J.** This is an appeal from the denial of appellant's motion for summary judgment in her action for partition of certain real estate awarded to the appellant and appellee as tenants in common in the judgment order granting their divorce. We reverse.

The facts are undisputed. The property in question consists of the residence together with some 57 acres. It was inherited by the appellant from her parents and placed in the names of the appellant and appellee as tenants by the entirety at the time the parties sought mortgage financing to construct the residence on the parcel. The parties were divorced in 1980. The judgment order provided inter alia:

> 3. It is further ordered that the real property owned by the parties in Guilford, Vermont is awarded to the Plaintiff[1] and

---

[1] The appellant was the defendant in the divorce proceeding.

Defendant as tenants in common, subject to the right of Plaintiff to occupy the residence on said property so long as it is his principal place of dwelling.

4. Plaintiff is ordered to make all payments on the mortgage indebtedness, taxes, and insurance relating to the real property in Guilford, but, in the event that said real property is sold by the parties, Plaintiff is to be reimbursed for any reduction in the principal of the mortgage indebtedness hereinafter paid by him. In the event of sale of the real property, after such reimbursements to Plaintiff, the net proceeds of the sale are ordered to be divided equally between the parties.

At the time of the divorce the appellee was residing in the residence with the minor children of the parties and had custody of the children. No appeal was taken from the divorce order.

In the instant action, the parties filed cross motions for summary judgment based on the stipulated facts. The court denied the appellant's motion and granted the appellee's motion as a matter of law. The appellant contends on appeal that under 12 V.S.A. § 5161[2] she is entitled to the relief which she seeks. The appellee argues that appellant's claim is nothing more than an attempt to circumvent the well-established rule that a disposition of real property in a divorce action is a final disposition not subject to later change or modification. *Ellis* v. *Ellis*, 135 Vt. 83, 85, 370 A.2d 200, 202 (1977).

The decree, however, awarded all of the real property to the parties as tenants in common subject only to the appellee's right to occupy the residence as long as it was his principal place of dwelling. As a tenant in common, the appellant was entitled to a partition of the real property. 12 V.S.A. § 5161; see *Coolidge* v. *Coolidge*, 130 Vt. 132, 134, 287 A.2d 566, 568 (1971). Her right of partition was neither waived by earlier agreement nor barred by the final order. Cf. *Hepler* v. *Burnham*, 24 N.C. App. 362, 366-67, 210 S.E.2d 509, 512-13 (1975). Her action is an attempt to assert the right accorded to her under the order.

---

[2] 12 V.S.A. § 5161. Who may have partition.

A person having or holding real estate with others, as joint tenants, tenants in common or coparceners, may have partition thereof.

While partition here may involve more than the conveyance of comparable acreage to the parties or the simple equal division of sale proceeds, it is not an impossibility. Resort may be had to the statutory procedures of assignment or sale, 12 V.S.A. §§ 5174, 5176, provided that appellee's rights under the order, including his right to occupy the house, are preserved.

*The order denying the appellant's motion for summary judgment is reversed and the matter remanded for further proceedings not inconsistent with this opinion.*