*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-152

OCTOBER TERM, 2014

| | |
|---|---|
| Kevin Barrup | } APPEALED FROM: |
| | } |
| | } Superior Court, Orleans Unit, |
| v. | } Family Division |
| | } |
| | } |
| Tammy Barrup | } DOCKET NO. 239-12-04 Osdm |

Trial Judge: Howard E. VanBenthuysen

In the above-entitled cause, the Clerk will enter:

Wife appeals from the trial court's order in these post-divorce proceedings. She argues that the court should have granted her motion to modify spousal maintenance. We affirm.

This is the latest appeal in this heavily litigated, high-conflict divorce. The record indicates the following. The parties divorced in November 2007, and husband was ordered to pay wife $12,000 in annual maintenance until wife turned 62. In 2009, husband moved to modify his maintenance obligation; he also stopped paying maintenance. In an October 2012 order, the court found that husband's income had decreased, and it reduced his obligation to $850 per month as of January 1, 2012. In April 2013, husband again moved to modify maintenance, arguing that his income had decreased. Wife moved to enforce and to hold husband in contempt. Following a June 2013 hearing, the court denied husband's motion and granted wife's requests. Husband was jailed for contempt on June 24, 2013, and he purged his outstanding obligation the following morning.[1]

In July 2013, wife moved to modify maintenance. She asserted that husband was earning much more than he had claimed. She based her motion on evidence that she had presented at the June 2013 hearing as well as evidence that she sought to present from a certified public accountant. Husband also moved to modify maintenance. He asked to pay $850 once a month, rather than in two separate installments.

---

[1] We affirmed the parties' final divorce order on appeal. See Barrup v. Barrup, No. 2008-036, 2008 WL 3976562 (Vt. Aug. 21, 2008) (unpub. mem.) https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. We also affirmed the trial court's partial denial of wife's motion for contempt and motion to enforce. See Barrup v. Barrup, No. 2010-018, 2010 WL 7799798 (Vt. Aug. 18, 2010) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. Wife has also appealed from the 2012 order modifying husband's spousal maintenance obligation. That appeal is currently pending before this Court. See Barrup v. Barrup, Supreme Court Docket No. 2012-415.

The court held a hearing in December 2013 to address these requests as well as twenty-two other outstanding motions. At the hearing, wife presented expert testimony from a certified public accountant who raised questions about husband's reported income and expenses. Following the hearing, the court issued a written order. It dismissed both parties' motions to modify spousal maintenance as moot, finding that the parties had consented both to the amount and the timing of the maintenance payments. Wife moved for reconsideration. She noted that, while she had agreed to husband's request to make one payment per month, she had not withdrawn her own motion to modify nor had she agreed that the current amount of maintenance was appropriate. She pointed to the expert testimony she had offered in support of her motion. Wife asked the court to vacate its dismissal of her motion and schedule a continued hearing on the motion.

The court denied wife's request. After reviewing the pleadings and considering wife's evidence in the light most favorable to her, it concluded that modification was not warranted. The court found that the amount of maintenance seemed reasonable and fair under all of the circumstances, particularly given husband's income and expenses and the parties' relatively young ages. The court also noted that husband was now actually ahead on his maintenance payments. Wife appealed from this order.

Wife argues that the court mistakenly believed that she had consented to the current maintenance award when in fact she had just begun to put on her case to establish husband's "true income." Wife maintains that the court should have modified the maintenance award because her evidence clearly shows that husband was making much more money per month than he claimed. Wife also suggests that the court was biased against her because it did not admonish husband quickly or severely enough for filing ex parte materials with the court.

We find no error. As reflected above, the court acknowledged its initial mistake and considered wife's motion on the merits. While wife asserts that she had just begun presenting her case, the record shows that her expert had completed his testimony, subject only to future cross-examination by husband once he obtained counsel. The court also presided over the June 2013 hearing, which wife referred to in her motion to modify, and was aware of the evidence presented at this hearing. The court considered wife's evidence in the light most favorable to her but nonetheless concluded that no modification was warranted. It acted within its discretion in reaching this conclusion. See Meyer v. Meyer, 173 Vt. 195, 197 (2001) (recognizing that trial court has broad discretion in ruling on motion to modify maintenance). As set forth above, the court found the current level of maintenance appropriate, mindful of husband's income and expenses and the parties' relative youth. The court was not required to apply the factors set forth in 15 V.S.A. § 752 in reaching its conclusion, as wife suggests. See Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 ("We have made clear that '[w]hile the factors listed in § 752 could prove helpful to a court considering a motion to modify,' a court is not obligated to consider the factors when evaluating changed circumstances." (citing DeKoeyer v. DeKoeyer, 146 Vt. 493, 496 (1986)).

Wife maintains that her evidence clearly showed that husband was making much more money per month than he claimed. The trial court concluded otherwise, and it is for the trial court, as the finder of fact, to weigh the evidence and assess the credibility of witnesses. See, e.g., Bruntaeger v. Zeller, 147 Vt. 247, 252 (1986) ("It is the province of the trial court to

determine the credibility of witnesses and weigh the persuasive effect of the evidence."). While wife disagrees with the court's conclusion, she has not shown an abuse of discretion.[2]

      Affirmed.

BY THE COURT:

                        _____

                        Paul L. Reiber, Chief Justice

                        _____

                        John A. Dooley, Associate Justice

                        _____

                        Harold E. Eaton, Jr., Associate Justice

---

[2] Wife suggests in her brief that the court engaged in a "systemic abuse of discretion" amounting to bias. Wife complains that the court allowed husband's attorney to withdraw, allowed husband too much time to obtain new counsel, and did not punish husband severely enough for filing ex parte materials with the court. According to wife, because husband comes from a prominent family, and because husband's family was "outraged" when husband was incarcerated, "in true Vermont fashion the Family Court wanted to then balance the scales of justice which were unfortunately skewed by [husband's] ex-parte and prejudicial communications with the Family Court." We categorically reject these arguments, which find no support whatsoever in the record. Wife has identified nothing to rebut the presumption that the trial judge acted with "honesty and integrity," Klein v. Klein, 153 Vt. 551, 554 (1990), and considered the evidence impartially and with adequate reflection, In re Wildlife Wonderland, Inc., 133 Vt. 507, 513 (1975). It is elemental that "[a] decision contrary to the desires of a party does not denote bias; nor is it inconsistent with the proposition that the evidence proffered by that party was given its natural probative effect." Id.