*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-200

FEBRUARY TERM, 2015

| | | |
|---|---|---|
| Michael Hanson-Metayer | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Elizabeth Hanson-Metayer | } | DOCKET NO. 440-5-11 Cndm |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Wife appeals pro se from the trial court's order on remand in this divorce case. She argues that the trial court erred in finding that: (1) husband was entitled to a portion of a legal settlement that she received; and (2) it was likely that wife's undergraduate student loan would be paid off through a public-service loan forgiveness program. We affirm.

The trial court issued its original decision in June 2012. It awarded husband primary custody of the parties' minor daughter, and it divided the marital estate. As relevant here, the court awarded the marital residence to husband "free and clear of any interest" of wife, finding that wife had consented to such award. The court also awarded husband $2000 as his equitable share of personal property that wife had removed from the marital home. The court directed that each party be solely responsible for any debts in his or her individual name. The court further awarded wife the proceeds of a settlement with her prior employer. While the net value of the settlement was unclear, the court found that wife had retained all of the funds. She had used a significant portion to pay living expenses for herself and the parties' child after separating from husband, and the court found that she still possessed approximately $17,000 in a joint account with her mother. Presumably mindful of wife's access to these funds, the court ordered wife to pay husband $1100 in attorney's fees.

Wife appealed. We affirmed the custody decision, but reversed and remanded the property division and the attorney-fee award. See Hanson-Metayer v. Hanson-Metayer, 2013 VT 29, 193 Vt. 490. We found no evidence that wife had consented to husband receiving the marital home without providing her a share of the equity. Id. ¶ 54. We also found that the trial court failed to explain why it awarded husband $2000 as his equitable share of personal property removed from the marital home. Id. ¶¶ 56-57. We remanded the entire property division award to give the court flexibility to fashion an equitable distribution on remand. Finally, we addressed wife's assertion that the court erred in its attorney-fee award because it did not properly consider the parties' financial situations. We concluded that the court erred in finding that wife continued to possess $17,000 in settlement funds, pointing to wife's testimony at trial that the settlement

money had been spent. Thus, we stated that the court's finding that this money was available to pay attorney's fees was not supported by the evidence. Id. ¶ 66.

The trial court issued its decision on remand in May 2014. It did not take new evidence. As to the settlement funds, the court reiterated that it remained unclear from the evidence how much the parties actually realized after payment of expenses and attorney's fees. While there was testimony that the parties received approximately $10,000, wife had filed a financial affidavit at the 2012 hearing stating that she had a bank account that contained approximately $17,000 in settlement funds. The court reiterated that wife had had sole control of the settlement funds. While wife testified at the merits hearing that she spent all of the funds, the court found ample evidence, as recited in its original order, to indicate that wife's credibility was suspect. The court explained that it could not rely on wife's representations without significant corroborating evidence. It added that wife had not provided any evidence supporting her contention in the form of a bank statement setting forth the present balance that would document or corroborate her statement that the funds had been expended, nor had she amended her financial affidavit to so indicate. Accordingly, the court found that the parties realized at least $17,000 from settlement of the litigation, which would be in line with the typical contingency-fee arrangement.

The court found no evidence that husband received the benefit of any of the settlement proceeds despite the fact that he was married to wife during the events giving rise to wrongful-termination lawsuit. Wife had been fired from her job, which caused substantial financial hardship for both parties. Husband had been acting as a stay-at-home parent, and he was required to resume his employment. He was also subjected to the emotional turmoil the parties suffered during this period of time. The court found that husband's own claim as a spouse in the underlying case was significant and the substance and extent of such claim was supported by husband's testimony in the instant case. Based on its analysis, the court found that husband was entitled to $5000 from the net settlement proceeds. It awarded this amount to husband, with the remainder of the proceeds awarded to wife. The court stated that it fully expected that the settlement proceeds had long since been expended, and that wife, a law student, lacked significant income from employment from which she could derive the funds to compensate husband. It thus determined that, while wife was entitled to half of the equity in the marital home ($5000), this payment would be offset by the $5000 that wife owed to husband.

As to husband's award for his share of personal property removed from the marital home, the court found that upon further consideration, and in light of its amended order as to the distribution of equity in the home, all of the personal property in each parties' possession should remain as an equitable distribution. The court found this consistent with wife's request.

Consistent with its original order, the court directed that each party bear sole responsibility for any debts, including student loans, in his or her individual name. The court recognized that wife had a significant student loan of $25,000 in her name resulting from her undergraduate studies, but, consistent with wife's testimony, the court found it likely that this debt would be paid off by her law school as part of the compensation that she was expected to receive for work in the public sector after graduation.

2

Finally, with respect to the attorney-fee award, the court found that wife was not in the position to pay this award, and that husband was in a better financial position than wife. The court determined that while some of wife's litigation was unnecessary and instigated with improper motive, the financial equities experienced by the parties could not serve as the basis for an award of attorney's fees in husband's favor. Thus, it held each party responsible for his or her own legal fees and costs. Wife appealed from this order.

Wife first argues that the trial court ignored this Court's clear instructions that the $17,000 of settlement money did not exist. According to wife, the court erroneously relied on this evidence to deny her any share of the equity in the marital home. She argues that the court further erred by failing to explain why it awarded husband $5000 as his share of the settlement proceeds.

As we stated in wife's first appeal, the trial court has "wide discretion" in dividing marital property. Id. ¶ 52. We will not disturb the court's decision absent a showing that its discretion "was abused, withheld or exercised on untenable grounds or to a clearly unreasonable extent." Id. (quotation omitted). In reaching its decision, the court need not specify the weight given to each factor set forth in 15 V.S.A. § 751, or even specifically address each statutory factor; we require only that the court "provide a clear statement as to what was decided and why." Molleur v. Molleur, 2012 VT 16, ¶ 15, 191 Vt. 202 (quotation omitted). We recognize that "the distribution of property is not an exact science and does not always lend itself to a precise mathematical formula; all that is required is that such distribution be equitable." Victor v. Victor, 142 Vt. 126, 130 (1982).

Wife's first argument misconstrues the court's order. As set forth above, the court found it likely that the settlement money was in fact gone. It determined that wife had sole control and use of these funds. The court concluded that husband was entitled to a share of the settlement proceedings as he too had suffered the consequences of wife's alleged wrongful termination. The court provided a rational basis for its decision, and it did not need to provide any more detail as to how it decided that $5000 was an appropriate share for husband. Wife's first claim of error is without merit.

Wife next argues that the court erred in finding that her student loans would be forgiven. She argues that this finding is based on pure speculation. She acknowledges that she testified that she intended to pursue loan forgiveness, but asserts that this evidence concerned her long-term goals and it is unclear if she will in fact obtain loan forgiveness. Wife cites DeKoeyer v. DeKoeyer, 146 Vt. 493, 495-96 (1986) and Manning v. Schultz, 2014 VT 22, in support of her argument.

The court did not err in determining, as it did in its original decision, that each party was responsible for his or her own debts. The cases cited by wife do not undermine our conclusion. First, DeKoeyer is inapposite. In that case, the husband sought to modify an existing maintenance order based on changed circumstances. He complained that he had been unable to introduce evidence regarding his "expectations" at the time of the divorce decision to show changed circumstances. DeKoeyer, 146 Vt. at 495. We held that the husband needed to show "an actual change in circumstances, not a failure to change according to the [husband's] alleged expectations." Id. Thus, we concluded that the trial court properly excluded evidence of the

3

husband's expectations of changes in his wife's circumstances as irrelevant. This case has no bearing on the issues here.

We find <u>Manning</u> equally unhelpful. In <u>Manning</u>, we concluded that Social Security retirement benefits are not "owned in any proprietary sense," and they are no more than "an expectancy whose value cannot be assessed without excessive speculation." 2014 VT 22, ¶ 11 (quotation omitted). Thus, we held that such benefits could not be considered marital property subject to division. Obviously, wife's student loan here is part of the marital estate and its value is established. The only student loan at issue is a $25,000 loan that wife incurred for her undergraduate studies. The court held wife responsible for this debt, and found it "likely" that this loan would be forgiven. In so finding, it relied on wife's own testimony to this effect. Wife repeatedly stated that she intended to obtain a public interest job after graduating from law school, and that, as a result, her law school would forgive all of her loans, including her undergraduate loan. Certainly, it is possible that wife's plans will not come to pass. That does not mean, however, that the court's observation rests on pure speculation. The court's statement that this course of events was "likely" was based on evidence in the record and it was not clearly erroneous.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice