*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-109

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| Qurban Khalsa aka Kieran Gallagher | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Inder Khalsa | } | DOCKET NO. 268-9-03 Wmdm |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Husband* appeals an order of the superior court, family division, granting wife's motion to enforce maintenance and denying husband's motion to modify maintenance. We affirm.

The parties divorced in November 2004 after being married for twenty-eight years. At the time of the divorce, husband was in his early fifties and earning approximately $110,000 per year, while wife was in her early sixties and earning approximately $43,000 per year. The final divorce order, which was based on the parties' written stipulation, required husband to pay wife maintenance in the amount of: (1) $3500 per month until September 1, 2005 or upon the sale of the marital residence; and (2) $2500 per month thereafter until the death of either party or February 1, 2020. In August 2005, the parties amended the final order to allow wife to buy out husband's interest in the marital residence.

Husband paid the full amount of maintenance until the spring of 2012, when, during a three-month period of unemployment, he did not make any payments for two months and a reduced payment for one month. Pursuant to the parties' ensuing oral agreement, husband made reduced monthly payments of $2250 from July 2012 through the end of 2013. Beginning in January 2014, husband made no maintenance payments.

In September 2014, wife filed a motion to find husband in contempt and to enforce the final divorce order with respect to maintenance. One month later, husband filed a motion to modify his maintenance obligation. On January 28, 2015, following a contested evidentiary hearing, the family court filed a decision granting wife's motion to enforce and denying husband's motion to modify. On February 18, 2015, the court issued a judgment that awarded wife $36,500 in maintenance arrears, $450 in interest on a portion of those arrears, and $5130 in attorney's fees, for a total of $42,080.

Husband appeals that judgment, arguing that the family court abused its discretion by not granting his motion to modify and by failing to consider wife's waiver of maintenance payments. He also contends, with respect to the court's finding of contempt, that the record evidence does not support the court's determination that he had the ability to pay maintenance.

---

\* For ease of identification, we refer to the divorced parties as husband and wife.

Husband first argues that the family court abused its discretion by declining to address the impact of his periods of unanticipated unemployment. According to husband, the court did not meaningfully consider his argument that his unanticipated periods of unemployment during the previous ten years put him in a position of having virtually no assets or retirement savings as he approached retirement age. We find no merit to this argument. The family court was fully aware of, and made findings regarding, husband's employment history. Shortly after the divorce, the bottom fell out the market in which husband worked, and he had limited income for the first couple years following the divorce. In late 2006 or early 2007, he began working for another company, earning between $115,000 and $150,000 per year for the next several years. In the spring of 2012, he was laid off and became unemployed for approximately three months until he found a temporary position with another company. When that position ended in late 2013, he was unemployed for another seven or eight months, until June 2014, when he obtained another position earning $110,000 per year at the company he had worked for between 2006 and 2012.

The family court recognized the real, substantial, and unanticipated changes husband was alleging in support of his motion to modify—that he had no assets to speak of, including real estate or retirement accounts, because of his three significant periods of unemployment and his continuing support for the parties' adult children. See 15 V.S.A. § 758 (providing that court may modify maintenance "upon a showing of a real, substantial, and unanticipated change of circumstances"). The court declined to find any real, substantial, and unanticipated change of circumstances, however, because husband was relying upon circumstances that occurred long before he filed his motion to modify, and that, at least with respect to his continuing support of his adult children, were the result of his discretionary choices. The court concluded that, given the then-current circumstances—for many months husband had been working a job providing him with a salary equivalent to what he was earning at the time of the divorce—husband was in no position to argue that periods of past unemployment entitled him to obtain modification of his maintenance obligation going forward.

We agree. As we stated in DeKoeyer v. DeKoeyer, 146 Vt. 493, 495 (1986), the focus of the family court's inquiry with respect to a motion to modify is "whether a substantial change in circumstances existed at the time of the hearing," and thus "any interim changes that were not in existence at the time of the hearing [are] irrelevant." Husband's primary focus appears to be on his period of unemployment shortly after the divorce and nearly a decade before he filed a motion to modify. He claims that during this and other periods of unemployment he incurred debt that ultimately affected his ability to be in a position to retire at his near-retirement age. This should have been obvious to husband at the time he incurred the debt, and as the family court stated, husband could have filed a motion to modify during the periods of employment, but, for whatever reason, chose not to. Moreover, he continued to make discretionary payments to his adult children and others, which also undoubtedly impacted his ability to save money. At the time of the motion hearing, husband was making approximately the same annual income that he made at the time of the divorce, and in fact his average income over the course of the interim decade was close to that amount because of years in which husband earned up to $150,000. The court did not abuse its discretion in denying the motion to modify based on husband's failure to meet his "heavy burden" of showing a real, substantial, and unanticipated change of circumstances. Mayville v. Mayville, 2010 VT 94, ¶ 8, 189 Vt. 1 (stating that moving party's burden to show change in circumstances sufficient to modify maintenance is "a heavy one," and that family court's broad discretion in this matter will not be disturbed unless it was "erroneously

2

exercised, or was exercised upon unfounded considerations or to an extent clearly unreasonable in light of the evidence.").

Next, with respect to the judgment for arrears, husband argues that the family court abused its discretion by failing to find that wife waived any claim that he owed her maintenance during his periods of unemployment in the spring of 2012 and the first half of 2014. Specifically, husband challenges: (1) the award of $5500 for the period up to June 2012 in light of the court's finding that wife "expected and understood that so long as [husband] paid . . . $2,250 per month, she would not seek enforcement or other legal sanctions, until he found employment"; and (2) the award of $13,500 for the period he was unemployed during the first half of 2014, in light of the court's finding that wife told husband "that she 'did not expect' [him] to pay any spousal maintenance while he was unemployed." Again, we find no abuse of discretion. Regarding the first point, the finding quoted by husband refers to the period from July 2012 through June 2014, not the period up to 2012. The $5500 is for the two months of missed payments and the one month of partial payment in the spring of 2012. Regarding the second point, the court acted well within its discretion in concluding that, when wife told husband that she did not expect him to pay maintenance while he was unemployed, she simply was indicating that she would not seek legal remedies to enforce her rights while he was unemployed, not that she was intentionally waiving her right to seek arrears for that period. See Kanaan v. Kanaan, 163 Vt. 402, 414 (1995) (stating that "waiver requires proof of a voluntary and intentional relinquishment of known and enforceable rights."). This conclusion is bolstered by the provision in the parties' court-adopted stipulation stating that "[a] modification or waiver of any provisions of the Agreement shall be effective only if made in writing and executed with the same formality as this Agreement," and that "[t]he failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature."

Finally, we reject husband's argument, with respect to the family court's finding of contempt, that the evidence did not support the court's conclusion that husband had the ability to pay maintenance. As indicated, husband was earning approximately $110,000 a year at the time of the final hearing. The court carefully examined husband's expenses, noting the discretionary ones, and concluded that he had income available to pay his maintenance obligation. The record supports this conclusion.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3